IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| RONALD DEAN GILBERT, 1270857, ) | |
|     Petitioner, ) | |
| ) | |
| v. ) | No. 3:06-CV-1981-N |
| ) | ECF |
| NATHANIEL QUARTERMAN, Director, ) | |
| TDCJ-CID, ) | |
|     Respondent. ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The Findings, Conclusions and Recommendation of the Magistrate Judge are as follows:

**I. Procedural Background**

Petitioner challenges his conviction for assault with bodily injury, enhanced with prior convictions. *State of Texas v. Ronald Gilbert*, No. F-0071465-HU (291st Dist. Ct., Dallas County, Tex., Jan. 12, 2001). Petitioner pled guilty to the charges and true to one of the enhancement paragraphs. Pursuant to a plea bargain agreement, the court sentenced Petitioner to ten years imprisonment, suspended the sentence, and placed Petitioner on five years probation. On October 12, 2004, Petitioner's probation was revoked and he was sentenced to ten years confinement.

On March 28, 2006, the Fifth District Court of Appeals affirmed the conviction. *Gilbert v. State*, No. 05-04-01595-CR (Tex. App. – Dallas, 2004, no pet.). He did not file a petition for

discretionary review.

On July 6, 2006, Petitioner filed a state petition for writ of habeas corpus. *Ex parte Gilbert*, No. 65,645-01. On September 27, 2006, the Court of Criminal Appeals denied the petition without written order on the findings of the trial court.

On October 27, 2006, Petitioner filed this federal petition. He argues that he received ineffective assistance of appellate counsel and that he was denied access to the courts.

## II. Discussion

### 1. Standard of Review

The pertinent terms of the Antiterrorism and Effective Death Penalty Act of 1996 (the AEDPA), 28 U.S.C. § 2254 provide:

> (d) An application for writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in a State court proceeding.

*See* 28 U.S.C. § 2254(d). Under the "contrary to" clause, a federal habeas court may grant the writ of habeas corpus if the state court arrives at a conclusion opposite to that reached by the United States Supreme Court on a question of law or if the state court decides a case differently from the United States Supreme Court on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 380-84 (2000). Under the "unreasonable application" clause, a federal court may grant a writ of habeas corpus if the state court identifies the correct governing legal

principle from the United States Supreme Court's decisions, but unreasonably applies that principle to the facts of the prisoner's case. *Id.*

This amendment applies to all federal habeas corpus petitions which are adjudicated on the merits in state court after April 24, 1996. *See Lindh*, 521 U.S. at 336. The petition in this case is subject to review under the AEDPA.

**2.      Ineffective Assistance of Counsel**

Petitioner claims he received ineffective assistance of appellate counsel because his counsel: (1) abandoned him on appeal; (2) failed to explain the appellate process; and (3) failed to file a motion for new trial.

To sustain a claim of ineffective assistance of counsel, Petitioner must show that: (1) counsel's performance was deficient; and (2) the deficient performance prejudiced the defense so gravely as to deprive Petitioner of a fair trial. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In *Strickland*, the Court stated that "[j]udicial scrutiny of counsel's performance must be highly deferential" and "every effort [must] be made to eliminate the distorting effects of hindsight." *Strickland*, 466 U.S. at 689. Courts, therefore, must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.*

Even if counsel is proven deficient, a petitioner must prove prejudice. To prove such prejudice, Petitioner must show "a reasonable probability that the result of the proceedings would have been different but for counsel's unprofessional errors." *Crane v. Johnson*, 178 F.3d 309, 312 (5th Cir. 1999) (citing *Strickland*, 466 U.S. at 694). "[T]he mere possibility of a different outcome is not sufficient to prevail on the prejudice prong." *Id.* "Rather, the defendant must demonstrate that the prejudice rendered sentencing 'fundamentally unfair or unreliable.'"

*Id.* (quoting *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993)).

In this case, Petitioner's appellate counsel filed an *Anders*[1] brief stating that there were no non-frivolous claims for appeal. The only claim that Petitioner argues should have been raised on appeal is a claim that the evidence was insufficient to support the revocation. During the revocation hearing, Petitioner's wife, Vida Gilbert, testified that on April 11, 2004, Petitioner followed her home from work. She stated he then called her names and hit her in the face twice with his fist. (Revocation at 9, 15, 25). Petitioner's brother testified, however, that Vida Gilbert was not a trustworthy person. (*Id.* at 47). At the time of the revocation, Vida Gilbert was on probation for a drug offense. Mrs. Gilbert's probation officer testified that he believed she was untruthful about the amount of community service hours she had completed. (*Id.* at 43).

Judicial review of a decision to revoke probation "is quite circumscribed." *Villareal v. U.S. Parole Com'n.*, 985 F.2d 835, 839 (5th Cir. 1993). Due process only requires that there be "some evidence" in the record to support the decision. *Id.* In this case, the trial court found Vida Gilbert's testimony that Petitioner hit her to be credible. Although Petitioner claims that the trial judge stated she was not sure if the allegations against Petitioner were true, the record shows otherwise. The trial court stated, "there's no doubt in my mind that you hit [Vida Gilbert]." (*Id.* at 52).

Petitioner has failed to show that his appellate counsel was ineffective for failing to raise an insufficiency of the evidence claim. Counsel is not required to file frivolous motions. *See United States v. Gibson*, 55 F.3d 173, 179 (5th Cir. 1995). Petitioner has failed to show his counsel was ineffective for filing an *Anders* brief and/or for failing to file a motion for new trial.

---

[1]*Anders v. California*, 386 U.S. 738 (1967).

**Findings, Conclusions and Recommendation
of the United States Magistrate Judge**       Page -4-

Finally, Petitioner argues his counsel was ineffective for failing to explain the appellate process to him. The record shows that the Fifth District Court of Appeals informed Petitioner of his right to file a pro se appeal. (April 7, 2005, letter, Fifth District Court of Appeals). Petitioner timely filed his appeal. He has failed to show what other information his counsel should have provided or how he was prejudiced by his counsel's performance. Petitioner's claim should be denied.

### 3. Access to the Courts

Petitioner argues he was denied access to the courts. He claims he requested access to his trial records but that access was denied. He also argues he was denied adequate time to prepare his appellate brief.

The record shows that the appellate court ordered the trial court to make the trial records available to Petitioner so that he could prepare his appellate brief. Petitioner was bench warranted back to the Dallas County Jail to review the records. (*Ex parte Gilbert* at 30). On state habeas review, two Dallas County bailiffs submitted affidavits stating that Petitioner was placed in a single holding cell outside the court to review the records. (*Id*. at 27-28). The bailiffs stated that instead of reviewing the records, Petitioner spent his time talking with female inmates and masturbating. *Id*. A few days later, Petitioner was again taken to a holding cell to review the trial records. (*Id*. at 27-29). Petitioner signed a statement that he reviewed the records. (*Id*. at 31). Although Petitioner now states that he did not have adequate time to review his trial records, the Court finds he was provided sufficient opportunity to review the records.

Further, although Petitioner claims he was provided insufficient time to prepare his appellate brief, the record reflects that the appellate court granted him an extension of time to file

his appeal. (Dec. 5, 2005, order, Fifth District Court of Appeals). Petitioner timely filed his appellate brief. Petitioner has not stated how any additional time would have altered the outcome in this case. His access to the courts claim is without merit.

**4.      Summary**

Petitioner is lawfully restrained because he has failed to prove that he has been denied a constitutionally protected interest. Accordingly, the state courts' determination to deny relief is not contrary to or does not involve an unreasonable application of clearly established federal law and is not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.

**RECOMMENDATION**

This Court recommends that the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 be DENIED.

Signed this 5th day of February, 2008.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

# INSTRUCTIONS FOR SERVICE AND
# NOTICE OF RIGHT TO OBJECT

The United States District Clerk shall serve a copy of these findings and recommendations on the parties. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings and recommendations must file and serve written objections within ten (10) days after being served with a copy. A party filing objections must specifically identify those findings and recommendations to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. The failure to file such written objections to these proposed findings and recommendations shall bar that party from a *de novo* determination by the district court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, the failure to file written objections to proposed findings and recommendations within ten (10) days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).